**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD LONG, | Civil No. 06-0785 (NLH) |
| Plaintiff, | |
| v. | **OPINION** |
| ATLANTIC CITY POLICE DEP'T, et al., | |
| Defendants. | |

**APPEARANCES**:

    RONALD LONG,#201749, Pro Se
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

**HILLMAN, District Judge**

Plaintiff Ronald Long, a prisoner at Northern State Prison, seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915. This Court grants Plaintiff's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a). Having screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, this Court concludes that dismissal of the Complaint without prejudice is required because Plaintiff's claims have not accrued.

### I. BACKGROUND

Plaintiff seeks damages against the Atlantic City Police Department, James Scoppa and Ernest Jubilee, Atlantic City police officers, the New Jersey State Police, and Nancy J. Taylor and Laura Barbato, forensic chemists assigned to the New Jersey State Police Laboratory, for

committing perjury, tampering with evidence, and engaging in a conspiracy and a cover-up to prevent Petitioner from obtaining DNA testing and proving his innocence to the crime of murder.

Plaintiff asserts the following facts. He alleges that in March 2004, the Atlantic County Prosecutor's Office released to Plaintiff a laboratory report dated February 28, 1983, written by Defendant Barbato, concerning a cigarette butt found at the scene of the crime by Defendant Scoppa. Plaintiff alleges that the laboratory report does not identify the cigarette by brand. However, Plaintiff asserts that Defendants Scoppa and Jubilee falsely testified at Plaintiff's 1985 criminal trial that Scoppa had found a "Newport" cigarette butt at the scene, which he turned over to the NJSP laboratory for testing. He alleges that Defendant Barbato falsely testified that the cigarette butt was not examined and failed to disclose the laboratory report.

Plaintiff alleges that Defendants committed perjury and improperly failed to disclose the existence of the laboratory report during his criminal trial in order to obtain a conviction against him because he smoked Newport cigarettes. He asserts that Defendants thereafter engaged in a cover-up in order to conceal the laboratory report and prevent him from obtaining DNA testing and proving his innocence. Plaintiff seeks damages for violation of his constitutional rights.

## II. LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

3

United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

Plaintiff seeks damages against Defendants for withholding exculpatory evidence and testifying falsely at his criminal trial in order to obtain a conviction for murder, and then conspiring to cover-up the truth and prevent DNA testing, which would exonerate Petitioner. This damage claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7; see also Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Close, 540 U.S. at 751.

Plaintiff's allegations in the instant Complaint do not indicate that his murder conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, his § 1983 claims which necessarily imply the invalidity of that conviction are not cognizable under § 1983 at this time.

## IV. CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint without prejudice.

*Noel L. Hillman*
NOEL L. HILLMAN, U.S.D.J.

Dated: August 16, 2006