NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD LONG, | Hon. Noel L. Hillman |
| Plaintiff, | Civil No. 06-0785 (NLH) |
| v. | |
| ATLANTIC CITY POLICE DEP'T, et al., | OPINION |
| Defendants. | |

APPEARANCES:

    RONALD LONG, #201749, Pro Se
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

HILLMAN, District Judge

    Plaintiff Ronald Long, a prisoner at East Jersey State Prison, filed a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915. In an Order and accompanying Opinion entered August 21, 2006, this Court dismissed the Complaint without prejudice because Plaintiff's claims have not accrued. Before this Court is Plaintiff's motion to vacate the Order of dismissal. This Court will direct the Clerk to reopen the file in order for this Court to entertain Plaintiff's motion and, for the reasons set forth below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, deny the motion and direct the Clerk to re-close the file.

I. BACKGROUND

    The Complaint in this matter seeks damages against the Atlantic City Police Department; James Scoppa and Ernest Jubilee, Atlantic City police officers; the New Jersey State Police; and

Nancy J. Taylor and Laura Barbato, forensic chemists assigned to the New Jersey State Police Laboratory, for withholding exculpatory evidence and testifying falsely at his criminal trial in order to obtain a murder conviction, and then conspiring to cover-up the truth and prevent DNA testing, which would exonerate Plaintiff. Plaintiff asserts in the Complaint that, in March 2004, the Atlantic County Prosecutor's Office released to Plaintiff a laboratory report dated February 28, 1983, written by Defendant Barbato, concerning a cigarette butt found at the scene of the crime by Defendant Scoppa. Plaintiff alleges that the laboratory report does not identify the cigarette by brand.

Plaintiff further asserts that the laboratory report shows that Defendants Scoppa and Jubilee falsely testified at Plaintiff's 1985 criminal trial. Plaintiff states that Scoppa testified that he found a "Newport" cigarette butt at the scene of the crime, which he turned over to the NJSP laboratory for testing. There was also testimony that Plaintiff smoked Newport cigarettes. Plaintiff alleges that Defendant Barbato falsely testified that the laboratory did not examine the cigarette butt or prepare a laboratory report.

Plaintiff claims in the Complaint that Defendants violated his rights by committing perjury and withholding the laboratory report during his criminal trial. In addition, Plaintiff asserts that Defendants concealed the laboratory report to prevent him from obtaining DNA and thereby proving his innocence. The Complaint seeks damages.

By Order entered August 21, 2006, this Court dismissed the Complaint without prejudice. In the accompanying Opinion, this Court explained that Plaintiff's claims were barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that an action under § 1983 seeking "damages for allegedly unconstitutional conviction

or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7; see also Muhammad v. Close, 540 U.S. 749, 751 (2004); Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Close, 540 U.S. at 751. This Court dismissed the Complaint under Heck because a favorable judgment on Plaintiff's claims would necessarily imply the invalidity of his 1985 murder conviction, which has not been overturned in the state courts or called into question by issuance of a writ of habeas corpus.

On September 25, 2006, Plaintiff executed a motion asking this Court to reconsider the Order dismissing his Complaint. The Clerk received the motion, together with a letter memorandum and supporting certification, on October 2, 2006. Plaintiff asserts in his motion papers that he did not receive the Order and accompanying Opinion until September 22, 2006. Plaintiff further states that he presented his DNA request to the New Jersey courts through New Jersey's Post-Conviction DNA Act, but the New Jersey courts denied his request for DNA testing. Plaintiff asserts:

> I later learned that the named defendants had all along engaged in a conspiracy to hide and mislead. Thus, the Complaint.

3

> The "favorable termination" under Heck could not have envisioned a situation, such as conspiracy to deny DNA testing to prove one's innocence, to foreclose relief in the civil context for damages. The Court's decision says, in essence, I must first prove my innocence, and then proceed. This is a case of first impression.
>
> For these reasons, it [is] respectfully requested the Complaint be reinstated and the defendants be required to file Answers.

(Letter Mem. dated Sept. 25, 2006, at p. 2.)

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. Plaintiff, a prisoner, asserts that he did not receive this Court's Order until September 22, 2006. As Plaintiff executed his motion on September 25, 2006, within three days of receipt, this Court will not deny the motion as untimely.

A motion under Rule 59(e) is a "'device to relitigate the original issue' decided by the district court, and used to allege legal error." United States v. Fiorerlli, 337 F.3d 282, 288 (3d Cir. 2003) (quoting Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988) (citation omitted)); see also Ortho Pharm. Corp. v. Amgen, Inc., 887 F.2d 460, 463 (3d Cir.1989). In this district, Local Rule 7.1(g) governs a motion to reargue or reconsider. Relief under Local Civil Rule 7.1(g) is not warranted unless the Court overlooked a potentially dispositive legal argument or factual matter. See Bowers v. National Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 612-613 (D.N.J. 2001).

### III. DISCUSSION

Plaintiff asks this Court to vacate the Order dismissing his Complaint on the ground that "Heck could not have envisioned a situation, such as conspiracy to deny DNA testing to prove one's innocence, to foreclose relief in the civil context for damages. The Court's decision says, in essence, I must first prove my innocence, and then proceed." (Letter Mem. at p. 2.)

To be sure, the Petitioner in Heck did not claim a conspiracy to deny DNA testing. Rather, Heck asserted that the defendants had "'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [his] innocence;' and caused 'an illegal and unlawful voice identification procedure' to be used at [his criminal] trial." Heck, 512 U.S. at 479. The Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. In explaining its holding, the court noted that, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489.

Recently, the Supreme Court explained that,

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action

5

> would necessarily demonstrate the invalidity of the confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Moreover, the Third Circuit recently held that, where a favorable judgment on a § 1983 claim would necessarily imply the invalidity of the plaintiff's incarceration or conviction and that conviction or incarceration has not been rendered invalid, "a § 1983 remedy is not available to a litigant to whom habeas relief is no longer available." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). Under these circumstances, Plaintiff has not shown that this Court overlooked a potentially dispositive legal argument or that its decision dismissing Plaintiff's claims was legally erroneous. This Court will accordingly deny Plaintiff's motion and direct the Clerk to re-close the file.

## IV. CONCLUSION

The Court directs the Clerk to reopen the file for the purpose of entertaining Plaintiff's motion, denies the motion, and directs the Clerk to re-close the file.

*[signature]*

**NOEL L. HILLMAN**, U.S.D.J.

Dated: _October 4_, 2006